UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SKOUBY,
an individual,

    Plaintiff,

v.                                                   Case No. 3:16-cv-1185-J-39PBD

THE SCARLETT GROUP, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, Christopher Skouby, and the Defendant, the Scarlett Group, LLC, (collectively, the "Parties"), hereby jointly move the Court to approve their agreement to settle this case, including their agreement with respect to attorney's fees, and to dismiss this action with prejudice. The grounds upon which the instant Motion is based are as follows:

1. Pursuant to case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA") the two circumstances in which FLSA claims may be compromised are claims that are 1) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

2. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,* 679 F.2d at 1354.

3. Plaintiff brought this lawsuit against Defendant alleging violations of the FLSA. In

his suit he alleges, among other things, that Defendant violated the FLSA by failing to pay him overtime wages for approximately one (1) year.

4. Defendant denies that Plaintiff is owed any wages and there is a dispute between the parties regarding the number of hours Plaintiff worked as well as whether he was properly classified as an exempt employee under the FLSA.

5. Nonetheless, the parties have engaged in good faith settlement negotiations regarding the Plaintiff's claims. To that end, the parties, through their respective counsel, have exchanged records in discovery and discussed the merits of their respective cases in an effort to resolve this matter.

6. All parties concede that there exist bona fide disputes regarding liability and damages that make this matter attractive to a compromise agreement that will permit the parties to avoid the uncertainties of litigation and additional fees and costs. Accordingly, the parties agreed to enter into a settlement agreement as set forth in Exhibit "A" and attached hereto.

7. The settlement agreement provides that Plaintiff will be paid a total of $4,239.00, which is approximately 85% of the back wages allegedly owed to Plaintiff as calculated in Plaintiff's Answers to Court Interrogatories. *See* Plaintiff's Notice of Filing Answers to Court's Interrogatories (Doc. #7) at [unnumbered] 2. Therefore, this settlement represents a fair and reasonable settlement of this dispute.

8. With respect to the payment for attorney's fees and costs, the parties note that they negotiated them separately so as to not affect Plaintiff's recovery. *See Bonetti* v. *Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("the best way to ensure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee

has influenced the reasonableness of the plaintiff's settlement."). Courts in this district have stated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis of the reasonableness of the fees is not necessary unless the unreasonableness is apparent from the face of the documents." *King* v. *My Online Neighborhood, Inc.,* (M.D. Fla. Mar. 7, 2007) (citations omitted).

9. In short, the proposed settlement is the product of serious and informed discussions between the parties and reflects compromises by each of them. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

10. Defendant agrees that the agreed amount of attorney's fees and costs to be paid are fair and reasonable.

## CONCLUSION

WHEREFORE, the Parties jointly and respectfully request that this Court approve the settlement in this case.

| | |
|---|---|
| ___*s/ David B. Sacks*_____ | __*s/ Kelly DeGance*_____ |
| David B. Sacks, Esq. | Kelly DeGance, Esq. |
| Florida Bar No. 964409 | Florida Bar No. 0606022 |
| david@lawofficejacksonville.com | E-mail: kelly.degance@adblegal.com |
| Law Office of David B. Sacks | Alexander Degance Barnett, P.A. |
| 4494 Southside Blvd, Suite 101 | 1500 Riverside Avenue |
| Jacksonville, FL  32216 | Jacksonville, FL 32204 |
| Attorney for Plaintiff | Attorney for Defendant |

Respectfully submitted this 20th day of January, 2017.